Dear Mr. Burson:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
Your request raises the following issue for our review:
 "May an appointed part-time Special Assistant District Attorney serve simultaneously as State Senator?"
An assistant district attorney holds a position within the judicial branch of government which is established by Article V, Section 26 of the Louisiana Constitution of 1974. Further, pertinent provisions of LSA-R.S. 16:51 state:
 "The district attorney of each judicial district and of the parish of Orleans shall appoint a first assistant district attorney and such other assistant district attorneys for his respective judicial district. . . . LSA-R.S. 14:51(A); (Emphasis added).
 The first assistant district attorney for each judicial district and for the parish of Orleans shall possess the same qualifications as provided by the constitution for district attorneys. Other assistant district attorneys for each judicial district and for the parish of Orleans shall be admitted to practice law in this state. Assistant district attorneys serve at the pleasure of and may be removed at the discretion of the district attorney." LSA-R.S. 16:51(B); (Emphasis added)."
The position of assistant district attorney is filled by appointment by an elected public official, as stated in the definition of "appointive office" within LSA-R.S. 42:62(2). For purposes of the Dual-Officeholding and Dual Employment statute, (LSA-R.S. 42:61, et. seq.) the office of special assistant district attorney is an appointive office. See Attorney General Opinion Numbers 82-112 and 80-1407, copies of which are enclosed, in which the author reached a similar conclusion.
The provision of the Dual-Officeholding and Dual Employment statute called into question is contained within LSA-R.S.42:63(C), which states:
 "No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof." (Emphasis added).
A member of the Legislature holds an elective office in the government of this state. The statute prohibits the simultaneous holding of a state elective office with a local full-time appointive office. The dual officeholding provisions do not prohibit a part-time special assistant district attorney from serving as a state legislator.
Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0136E